SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF INGLEWOOD, AND DOES 1-10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUIS MARTIN

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CITY CLERKS OFC RCVD
JAN 2 2024 PM 12:31

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Torrance Courthouse<br>825 Maple Avenue, Torrance, CA 90503 | CASE NUMBER:<br>*(Número del Caso):*<br>23TRCV01716 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dayton Magallanes (SBN 240231); 15786 Sophomore Ct, Moorpark, CA 93021; (310) 779-2348

| DATE:<br>*(Fecha)* 05/31/2023 | David W. Slayton, Executive Officer/Clerk of Court<br>Clerk, by<br>*(Secretario)* J. Pollock | , Deputy<br>*(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of Inglewood

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☒ other *(specify):* Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |
|---|---|---|

**EXHIBIT A**

1  Dayton Magallanes (Bar No. 240231)
2  LAW OFFICES OF DAYTON MAGALLANES
   15786 Sophomore Ct
3  Moorpark, CA 93021
   Telephone: 310-779-2348
4  Email: daytonmagallanes@yahoo.com
5
   Attorney for Plaintiff,
6  Luis Martin

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/31/2023 9:17 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Pollock, Deputy Clerk

7                 SUPERIOR COURT OF CALIFORNIA

8      COUNTY OF LOS ANGELES, CENTRAL DISTRICT, TORRANCE COURTHOUSE

9

10  LUIS MARTIN,                           Case No.  23TRCV01716

11         Plaintiff,                      VERIFIED COMPLAINT FOR DAMAGES
                                           AND PERMANENT INJUNCTIVE RELIEF
12  v.                                     FOR VIOLATION OF:

13  CITY OF INGLEWOOD, AND DOES 1-10,      1. Title II of the Americans with Disabilities
14  INCLUSIVE                              Act, 42 U.S.C. §12131 *et seq.*;
                                           2. Section 504 of the Rehabilitation Act, 29
15                                         U.S.C.
           Defendants.                     § 794 *et seq.*; and
16                                         3. California's Disabled Persons Act, Cal. Civ.
17                                         Code § 54

18

19      Plaintiff Luis Martin complains of Defendants City of Inglewood, and Does 1-10

20  ("Defendants"), inclusive, allege the following:

21

22                              **INTRODUCTION**

23  1.     Plaintiff Luis Martin, an individual suffering from paraplegia, and as a result thereof,

24         afflicted with physical disabilities, requires the use of a wheelchair wherever he goes, and

25         brings the following action, alleging that Defendants City of Inglewood ("City") have

26

27

28

                                            1
        _Verified Complaint For Damages and Permanent Injunctive Relief_

                              **EXHIBIT A**

and continue to discriminate against him based on his disability and in violation of federal and state anti-discrimination statutes.

2.  Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly maintain, construct, or alter the sidewalks on the North end of Ashwood Park, specifically, from the middle of Ashwood Park heading North towards Manchester, ("Sidewalks") such that these sidewalks are completely inaccessible to him as a wheelchair user due to a complete lack of ramps or curb cutouts for him to traverse in his wheelchair.

3.  Because of Defendants' failure to guarantee the accessibility of the sidewalks, Plaintiff has been, and will continue to be, denied full and equal access to Defendants services, programs, and activities, all to his detriment and damage.

4.  Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide him "full and equal" access to the Sidewalks as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing his civil rights.

## LITIGATING PARTIES

5.  Plaintiff resides in California with physical disabilities. He suffers from paraplegia and cannot walk. He requires the use of a wheelchair for mobility wherever he goes because she is unable to stand or walk independent of assistance and requires a wheelchair for movement. Plaintiff is at all times relevant herein, a "qualified person with a disability" and a "physically disabled person," as those terms are defined under the ADA and its implementing regulations (42 U.S.C. § 12102; 28 C.F.R. § 35.104), Section 504 (29 U.S.C. § 794) and California law (Cal. Gov. Code § 12926).

Verified Complaint For Damages and Permanent Injunctive Relief

**EXHIBIT A**

6.   Defendants City of Inglewood is at all times relevant to herein, political subdivisions of the State of California.

7.   Plaintiff is informed and believes that each of the Defendants herein, including Does 1-10, inclusive, is accountable in some capacity for the events alleged herein, or is a necessary party for obtaining proper relief. Plaintiff may seek leave to amend if and when the true names, capacities, connections, or responsibilities of the Defendants and Does 1 through 10, inclusive, are determined.

8.   Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venture, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission, or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**COURT JURISDICTION**

9.   Does 1-10 are sued pursuant to Code of Civil Procedure section 474.

**ALLEGED FACTS**

10.   Plaintiff resides in the City of Inglewood.

11.   Plaintiff requires use of a manual wheelchair to get around.

12.   Plaintiff likes to use his wheelchair in order to travel around the nearby community, using the public sidewalks in order to travel in his wheelchair to nearby destinations.

3

Verified Complaint For Damages and Permanent Injunctive Relief

**EXHIBIT A**

13. Plaintiff wanted to go to a park nearby his house (Ashwood Park) and perform exercises there but was unable to safely travel in the park. This is because the street within Ashwood Park, specifically, from the middle of Ashwood Park heading North towards Manchester, ("Sidewalks") such that these sidewalks are completely inaccessible to him as a wheelchair user due to a complete lack of ramps or curb cutouts for him to traverse in his wheelchair, lacked any lips or slopes in order to traverse onto said sidewalks from his wheelchair, such that these sidewalks are completely inaccessible to him as a wheelchair user. Plaintiff would therefore be required to travel on the roadways, where he would face oncoming vehicular traffic, and an occasional drag race.

14. Ashwood Park is located in Inglwood, CA 90301.

15. On information and belief, at all times relevant herein, the City owned, controlled, maintained, and exercised dominion over the sidewalks.

16. The middle of Ashwood Park heading North towards Manchester resides in Inglewood, CA, lack either a lip or slope in order to traverse onto said sidewalks, such that these sidewalks are completely inaccessible to him as a wheelchair user.

17. On or about the date of March 26, 2023, Plaintiff intended to travel within Ashwood Park in order to exercise but was unable to safely travel there on the aforementioned sidewalks due to the aforementioned barriers.

18. Plaintiff's difficult experiences using the sidewalk have caused him difficulty, discomfort, embarrassment, and frustration.

19. Plaintiff filed a claim form with the City of Inglewood on or about April 3, 2023, mailing it via certified mail.

4

**EXHIBIT A**

20. Plaintiff contends that Defendants have failed to ensure the accessibility of the sidewalks, and in so doing have failed to guarantee him equal access to and use of the services, activities, and programs they provide to the public by and through the sidewalks, violating Federal and State law.

21. Based on information and belief, the Sidewalks have undergone construction and/or alteration since January 1, 1982, triggering applicable California accessibility standards, California Code of Regulation, Title 24. On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide accessible sidewalks.

22. Based on information and belief, the Sidewalks have undergone construction and/or alteration since January 1, 1992, triggering applicable ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D.  On this basis, Plaintiff alleges that Defendants have failed to comply with these standards by failing to provide accessible sidewalks.

23. Plaintiff intends to use the sidewalks to frequent the local park and visit with friends in the future, and would like to do so self-sufficiently and without encountering the above-described accessibility barriers.

24. Until said barriers to the accessibility of the Sidewalks are removed, and Defendants unlawful and discriminatory policies and practices regarding the construction, alteration, and/or maintenance of sidewalks are changed, Plaintiff will continue to be denied full and equal access to Defendants' activities, programs, and services, and will suffer continued discrimination and damages as a result.

Verified Complaint For Damages and Permanent Injunctive Relief

EXHIBIT A

25. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff, that is incalculable in monetary remedies. Plaintiff has no adequate remedy at law because monetary damages, will not provide adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of her civil rights as alleged herein. Accordingly, Plaintiff is entitled to injunctive relief.

### GOVERNMENT CLAIM FILED

*(As to claims for damages under California State Law)*

26. Plaintiff timely filed a claim pursuant to § 910 et seq. of the California Government Code with the City on or about April 3, 2023.

### FIRST CAUSE OF ACTION

### Title II of the Americans with Disabilities Act

### 42 U.S.C. § 12131 *et seq.*

27. Each of the foregoing paragraphs is incorporated herein by reference.

28. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

29. Defendants have at all times mentioned herein been public entities within the meaning of Title II of the ADA.

30. Sidewalks are a program, service, and/or activity Defendants offer to the public at large.

6

31.    At all times relevant herein Plaintiff was qualified to use the Sidewalks, and met the essential eligibility requirements for use of the Sidewalks.

32.    Defendants' acts and omissions alleged herein have denied Plaintiff the benefits and uses of the Sidewalks, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

    a.    Failing to design, construct, and/or alter the Sidewalks in a manner such that it is readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

    b.    Failing to operate the Sidewalks so that it is "readily accessible to and usable by individuals with disabilities." (28 C.F.R. § 35.150(a));

    c.    Denying Plaintiff the opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to the public, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(ii));

    d.    Providing Plaintiff opportunity to participate in or benefit from the aids, amenities, or services offered by Defendants to members of the public that is not equal to that afforded her ambulatory peers (28 C.F.R. § 35.130(b)(1)(ii));

    e.    Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, benefit, or opportunity enjoyed by others receiving the aids, amenities, or services offered by Defendants to members of the public (28 C.F.R. § 35.130(b)(1)(vii));

    f.    Employing methods of administration that effectively subject Plaintiff to discrimination due to his disability (28 C.F.R. § 35.130(b)(3)(i)); and

Verified Complaint For Damages and Permanent Injunctive Relief

**EXHIBIT A**

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

33. Title II requires public entities to remove physical barriers that limit or deny access to a public entity's programs, services, and activities under the ADA by no later than January 26, 1995. 28 C.F.R. § 35.150(c). Since enactment of the ADA, and every year thereafter, Defendants' have failed to take appropriate measures to remove such barriers to the Sidewalks, in violation of the ADA.

34. Defendants' duties under the ADA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

35. Pursuant to 42 U.S.C. § 12133 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
### Section 504 of the Rehabilitation Act of 1973 - 29 U.S.C. § 794

36. Plaintiff incorporates by reference each of the foregoing paragraphs.

37. Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability in the United States...shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). See also 28 C.F.R. Part 42, Subpart G.

38. Defendants receive "federal financial assistance" in the form of federal grants and loans.

39. Defendants acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to members of the public, in violation of Section 504 and its implementing regulations.

40. Defendants' duties under Section 504 are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

41. Plaintiff prays for judgment as set forth below Pursuant to 29 U.S.C. § 794(a).

## THIRD CAUSE OF ACTION

### California Disabled Persons Act - California Civil Code § 54

### *(Statutory damages and attorneys' fees only)*

42. Each of the foregoing paragraphs is incorporated herein by reference.

43. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places…" Cal. Civ. Code § 54(a).

44. Described herein, Defendants' acts and/or omissions violate the rights of Plaintiff under the CDPA. Defendants failed to ensure that facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24, amongst other things as alleged herein.

45. Defendants have also violated the CDPA by violating the ADA. See Cal. Civ. Code, § 54(c).

Verified Complaint For Damages and Permanent Injunctive Relief

**EXHIBIT A**

**EXHIBIT A**

46. Defendants' duties under the CDPA are mandatory and long recognized. Defendants are assumed to have had knowledge of their duties at all relevant times herein, their failure to carry out these duties as alleged herein was willful and knowing and/or the product of intentional and willful indifference.

47. Plaintiff prays for statutory damages and attorney's fees under Cal. Civ. Code § 54.3(a), pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a).

*Note: Plaintiff is not seeking injunctive relief under the CDPA, nor invoking section 55 of the California Civil Code.*

## PRAYER

Plaintiff prays that this Court:

1. Issue an injunction pursuant to the ADA and Section 504, ordering Defendants to:

   a. Take the requisite steps in bringing the Sidewalks into compliance with applicable federal and state accessibility standards and make it fully and equally available to individuals with mobility disabilities;

   b. Modify their respective policies to ensure compliance with new construction and alteration standards and program accessibility obligations.

*Note: Plaintiff is not seeking injunctive relief under the CDPA, nor invoking section 55 of the California Civil Code.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this Court;

3. Award Plaintiff reasonable attorneys' fees, litigation expenses, and costs, as provided by law; and

Verified Complaint For Damages and Permanent Injunctive Relief

**EXHIBIT A**

1    4. Award all other relief as the Court may deem proper.

2   Dated: 5/24/2023                          LAW OFFICES OF DAYTON MAGALLANES

3

4

5                                        By:

6                                             Dayton Magallanes
                                              Attorney for Plaintiff,
7                                             Luis Martin

8   I declare under penalty of perjury under the laws of California that the foregoing is true and

9   correct.

10  Dated: 5/24/2023

11                                             Luis Martin

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          11
                     Verified Complaint For Damages and Permanent Injunctive Relief

                                  EXHIBIT A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Inglewood Courthouse<br>One Regent Street, Inglewood, CA 90301 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/31/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Pollock _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23TRCV01716 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Ronald F. Frank | 8 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/01/2023
___(Date)___

David W. Slayton, Executive Officer / Clerk of Court

By J. Pollock _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## EXHIBIT A

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
**EXHIBIT A**

 **Superior Court of California, County of Los Angeles**

| | |
|---|---|
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)** **INFORMATION PACKAGE** | |

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

## Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**EXHIBIT A**

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

**EXHIBIT A**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**

**abtl**

**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
             (INSERT DATE)                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➢ _____
       (TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➢ _____
       (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
       (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
       (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)
Date:

_____     ➢ _____
       (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____     ➢ _____
       (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____     ➢ _____
       (TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| Print | Save | | Clear |
|---|---|---|---|

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

Date: _____

➤ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |
|---|---|---|---|

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

[ Print ]        [ Save ]                                    [ Clear ]

**EXHIBIT A**

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |
|---|---|---|

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

**EXHIBIT A**

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

**EXHIBIT A**

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

**EXHIBIT A**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

2019-GEN-014-00

1    e)  **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a

2        person or entity that receives an electronic filing from a party for retransmission to the Court.

3        In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4        agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f)  **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of

6        Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7        (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8        2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9        process attached to or logically associated with an electronic record and executed or adopted

10       by a person with the intent to sign the electronic record.

11   g)  **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place

12       in a hypertext or hypermedia document to another in the same or different document.

13   h)  **"Portable Document Format"**   A digital document format that preserves all fonts,

14       formatting, colors and graphics of the original source document, regardless of the application

15       platform used.

16   2)  MANDATORY ELECTRONIC FILING

17   a)  Trial Court Records

18       Pursuant to Government Code section 68150, trial court records may be created, maintained,

19       and preserved in electronic format.  Any document that the Court receives electronically must

20       be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21       official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22   b)  Represented Litigants

23       Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24       electronically file documents with the Court through an approved EFSP.

25   c)  Public Notice

26       The Court has issued a Public Notice with effective dates the Court required parties to

27       electronically file documents through one or more approved EFSPs.  Public Notices containing

28       effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

---

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

2019-GEN-014-00

    d)  Documents in Related Cases

        Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3)  **EXEMPT LITIGANTS**

    a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

    b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4)  **EXEMPT FILINGS**

    a)  The following documents shall not be filed electronically:

        i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

        ii)   Bonds/Undertaking documents;

        iii)  Trial and Evidentiary Hearing Exhibits

        iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

        v)   Documents submitted conditionally under seal.  The actual motion or application shall be electronically filed.  A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

    b)  Lodgments

        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

**EXHIBIT A**

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

---

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

**EXHIBIT A**

2019-GEN-014-00

1      b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2            day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3            application must be provided to the court the day of the ex parte hearing.

4  9)  PRINTED COURTESY COPIES

5      a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6            be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7            the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8            by 10:00 a.m. the next business day.

9      b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10          electronic submission) is required for the following documents:

11          i)     Any printed document required pursuant to a Standing or General Order;

12          ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26

13               pages or more;

14          iii)   Pleadings and motions that include points and authorities;

15          iv)   Demurrers;

16          v)     Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17          vi)   Motions for Summary Judgment/Adjudication; and

18          vii)   Motions to Compel Further Discovery.

19      c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20          additional documents.  Courtroom specific courtesy copy guidelines can be found at

21          www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23      a)  Fees and costs associated with electronic filing must be waived for any litigant who has

24          received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25          1010.6(d)(2).)

26      b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27          section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28          electronically filed in any authorized action or proceeding.

**EXHIBIT A**

2019-GEN-014-00

11)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

IMPORTANT INFORMATION FOR BUILDING OWNERS AND TENANTS

This form is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. Persons with visual impairments can get assistance in viewing this form through the Judicial Council Internet Web site at https://www.courtinfo.ca.gov.

Existing law requires that you receive this information because the demand for money or complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of persons with disabilities to access public places.

YOU HAVE IMPORTANT LEGAL OBLIGATIONS. Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect. Commencing September 1, 2009, information will also be available from the California Commission on Disability Access Internet Web site.

YOU HAVE IMPORTANT LEGAL RIGHTS. You are not required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING.

You may wish to promptly consult an attorney experienced in this area of the law to get helpful legal advice or representation in responding to the demand for money or complaint you received. You may contact the local bar association in your county for information on available attorneys in your area. If you have insurance, you may also wish to contact your insurance provider. You have the right to seek assistance or advice about this demand for money or complaint from any person of your choice, and no one may instruct you otherwise. Your best interest may be served by seeking legal advice or representation from an attorney.

If a complaint has been filed and served on you and your property has been inspected by a Certified Access Specialist (CASp; see www.dsa.dgs.ca.gov/casp), you may have the right to a court stay (temporary stoppage) and early evaluation conference to evaluate the merits of the construction-related accessibility claim against you pursuant to Civil Code Section 55.54. At your option, you may be, but need not be, represented by an attorney to file a reply and to file an application for a court stay and early evaluation conference. If you choose not to hire an attorney to represent you, you may obtain additional information about how to represent yourself and how to file a reply without hiring an attorney through the Judicial Council Internet Web site at https://www.courtinfo.ca.gov/selfhelp/. You may also obtain a form to file your reply to the lawsuit, as well as the form and information for filing an application to request the court stay and early evaluation conference at that same Web site.

**EXHIBIT A**

NOTICE TO DEFENDANT

YOU MAY BE ENTITLED TO ASK FOR A STAY (TEMPORARY STOPPAGE) AND EARLY EVALUATION CONFERENCE IN THIS LAWSUIT.

If the construction-related accessibility claim pertains to a site that has been inspected by a Certified Access Specialist (CASp) and you have an inspection report for that site, you may make an immediate request for a court stay and early evaluation conference in the construction-related accessibility claim by filing the attached application form with the court. You may be entitled to the court stay and early evaluation conference regarding the accessibility claim only if ALL of the statements in the application form are true.

The court will schedule the conference to be held within 50 days after you file the attached application form. The court will also issue an immediate stay of the proceedings unless the plaintiff has obtained a temporary restraining order in the construction-related accessibility claim. At your option, you may be, but need not be, represented by an attorney to file the application to request the early evaluation conference. You may obtain a copy of the application form, filing instructions, and additional information about the stay and early evaluation conference through the Judicial Council Internet Web site at https://www.courtinfo.ca.gov/selfhelp/.

You may file the application after you are served with a summons and complaint, but no later than your first court pleading or appearance in this case, which is due within 30 days after you receive the summons and complaint. If you do not have an attorney, you will need to file the application within 30 days after you receive the summons and complaint to request the stay and early evaluation conference. If you do not file the application, you will still need to file your reply to the lawsuit within 30 days after you receive the summons and complaint to contest it. You may obtain more information about how to represent yourself and how to file a reply without hiring an attorney at https://www.courtinfo.ca.gov/selfhelp/. If a plaintiff representing himself or herself hires an attorney after the case is filed, you will have 30 days to file an application for a court stay and early evaluation conference after you receive a Notice of Substitution of Counsel, unless an early evaluation conference or settlement conference has already been held.

You may file the application form without the assistance of an attorney, but it may be in your best interest to immediately seek the assistance of an attorney experienced in disability access laws when you receive a summons and complaint. You may make an offer to settle the case, and it may be in your interest to put that offer in writing so that it may be considered under Civil Code Section 55.55.

**EXHIBIT A**

**DAL-005**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: | |
| FIRM NAME: | |
| STREET ADDRESS: | |
| CITY:                              STATE:        ZIP CODE: | |
| TELEPHONE NO.:                     FAX NO.: | |
| E-MAIL ADDRESS: | |
| ATTORNEY FOR (name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

   PLAINTIFF:

   DEFENDANT:

| DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):* _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

  a. ☐ **CASp-Inspected Site**

    (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

    (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

  b. ☐ **New Construction**

    (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

    (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

    (3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

  c. ☐ **Small Business**

    (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);

    (2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and

    (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.

    (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*

      ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and

      ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-005 [Rev. July 1, 2016]

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
(Disability Access Litigation)

Civil Code, § 55.54
www.courts.ca.gov

**EXHIBIT A**

**DAL-005**

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

**3. d.** ☐ **Case Filed by High-Frequency Litigant**

    (1) ☐ Site is owned or occupied by a defendant that is a business.

    (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

    (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

**4.** Defendant requests that the court:

    a. Stay the proceedings relating to the construction-related accessibility claim.

    b. Schedule an early evaluation conference.

    c. Order defendant to:

        (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least 15 days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

        (2) File with the court and serve on plaintiff evidence showing correction of all violations within 10 days of completion of the correction or, if seeking relief as a small business, within 10 days after issuance of a court order granting a stay.

    d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least 15 days before the date of the early evaluation conference.

    e. ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date: _____

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**DECLARATION OF DEFENDANT**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS**
**AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**
(Disability Access Litigation)

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

 | Save this form | | Clear this form |